United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40581
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PAUL ANTHONY CASTANEDA, also known as
Tony Castaneda,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-10-1
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Paul Anthony Castaneda appeals his sentence following his guilty-plea convictions for conspiring to distribute and possess with intent to distribute over 50 grams of methamphetamine and using and carrying a firearm during and in relation to a drug trafficking offense. Castaneda asserts that the district court erred in imposing a two-level enhancement under the Sentencing Guidelines for obstruction of justice under U.S.S.G. § 3C1.1, based on a letter written by Castaneda to his codefendant. He

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has not established that the district court erred in its assessment.  See United States v. Holmes, 406 F.3d 337, 363 (5th Cir.), cert. denied, 126 S. Ct. 375 (2005).

Castaneda also contends that the district court should have awarded him a three-level downward adjustment for acceptance of responsibility under § 3E1.1.  He has not established that the district court's denial of that reduction was "without foundation."  United States v. Washington, 340 F.3d 222, 227 (5th Cir. 2003)(internal quotation marks and citation omitted); see also United States v. Angeles-Mendoza, 407 F.3d 742, 753 (5th Cir. 2005); § 3E1.1, comment. (n.4).

Castaneda asserts that he is entitled to resentencing under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because the district court made factual findings that led to enhancement of the applicable guideline range.  After Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence."  United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Therefore, Castaneda's contention that the district court was precluded from enhancing his sentence based on judge-found facts is untenable.

AFFIRMED.